# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

**NEW YORK LIFE INSURANCE**
**AND ANNUITY CORPORATION,**

      **Plaintiff,**

v.    **Civil Action No.:** 3:22-cv-00002

**GREGORY HARTNETT JR.,**
**CATRINA DICKSON f/k/a**
**CATRINA HARTNETT,**
**STEVEN HARTNETT,**
**DANIEL HARTNETT, and**
**NICHOLAS HARTNETT,**

      **Defendants.**

## COMPLAINT IN INTERPLEADER

Plaintiff, New York Life Insurance and Annuity Corporation ("NYLIAC"), by and through its undersigned counsel, for its Complaint in Interpleader, alleges as follows:

### PARTIES

1. NYLIAC is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 51 Madison Avenue, New York, New York 10010. NYLIAC is duly authorized to do business in the State of Texas.

2. Defendant Gregory Hartnett Jr. ("Gregory") is an adult citizen of Texas and is domiciled in Galveston County, Texas.

3. Defendant Catrina Dickson, formerly Harnett, ("Catrina") is an adult citizen of Texas and is domiciled in Harris County, Texas.

4. Defendant Steven Hartnett ("Steven") is an adult citizen of Texas and is domiciled in Galveston, Texas.

5. Defendant Daniel Hartnett ("Daniel") is an adult citizen of Minnesota and is domiciled in Kandiyohi County, Minnesota.

6. Defendant Nicholas Hartnett ("Nicholas") is an adult citizen of Texas and is domiciled in Galveston, Texas.

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. § 1335 in that the adverse claimants are of diverse citizenship and the amount in controversy exceeds $500.00. There is minimal diversity between the claimants under *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523 (1967). Upon information and belief, the defendants are citizens of Texas and Minnesota.

8. Venue is proper in this federal district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1397 because one or more of the claimants resides in this judicial district.

## FACTS

9. By Application dated June 13, 2020, Desiree Harnett (the "Insured") applied to convert New York Life Insurance Company term life insurance policy No. 24 847 917 with policy date of October 18, 2016 and a face amount of $100,000 to a universal life policy with an additional amount of coverage in the amount of $50,000. *The Application dated June 13, 2020 is attached hereto as Exhibit A*.

10. On the Application, the Insured designated (1) "Nicholas S Hartnett", son, (2) "Catrina C Hartnett" (now: Dickson), daughter, (3) "Steven C Hartnett," son; (4) "Daniel R

2

Hartnett", son; and (5) "Gregory P Hartnett", son as primary beneficiaries with equal 20% shares to the universal life coverage.

11. NYLIAC issued to the Insured, Universal Individual Life Policy No. 61 366 910 (the "Policy") with a policy date of June 13, 2020 and face amount of $150,000. *A specimen copy of the Policy is attached hereto as Exhibit B.*

12. Upon information and belief, the Insured died on or about June 28, 2021 and her death was ruled a homicide. *The Certificate of Death is attached hereto as Exhibit C.*

13. As a result of the death of the Insured, Policy death benefits in the amount of $150,000.00 (the "Death Benefit")[1], plus applicable claim interest if any, became due to a beneficiary or beneficiaries, and NYLIAC concedes liability to that effect.

14. By Claim Form dated July 21, 2021, Steven asserted a claim to the Death Benefit.

15. By Claim Form dated July 22, 2021, Catrina asserted a claim to the Death Benefit.

16. By Claim Form dated July 27, 2021, Nicholas asserted a claim to the Death Benefit.

17. By Claim Form dated August 2, 2021, Daniel asserted a claim to the Death Benefit.

18. On or about August 26, 2021 and September 2, 2021, NYLIAC distributed to Nicholas, Catrina, Steven, and Daniel, their equal 20% shares of the Death Benefit.

19. Therefore, $30,000 of the Death Benefit ("Remaining Death Benefit"), plus any applicable interest, remains due to a beneficiary or beneficiaries.

20. Upon information and belief, Gregory has been arrested and charged with murder in connection with the Insured's death.

21. Texas Insurance Code § 1103.151 states that:

---

[1] Because the Insured died within two years of the issue date, pursuant to the terms of the Policy, NYLIAC conducted a contestability investigation with respect to the additional coverage in the amount of $50,000, which it resolved in favor of the Insured on or about August 26, 2021. *See Ex. B, p. 62.*

3

> A beneficiary of a life insurance policy or contract forfeits the beneficiary's interest in the policy or contract if the beneficiary is a principal or an accomplice in willfully bringing about the death of the insured.
>
> *Tex. Ins. Code. § 1103.151*

22. If it is determined that Gregory is a principal or an accomplice in willfully bringing about the death of the Insured, he would forfeit any right to the Remaining Death Benefit pursuant to the Texas Insurance Code and other applicable law and would be treated as having predeceased the Insured.

23. If Gregory is treated as having predeceased the Insured, the Remaining Death Benefit would be payable to Nicholas, Catrina, Steven, and Daniel in equal shares as the surviving primary beneficiaries. *See Ex. B. p. 49.*

24. There are no other claims to the Remaining Death Benefit. Under the circumstances, NYLIAC cannot determined factually or legally who is entitled to the Remaining Death Benefit. By reason of the actual or potential claims of the interpleading defendants, NYLIAC is or may be exposed to multiple liability.

25. NYLIAC is ready, willing, and able to pay the Remaining Death Benefit plus applicable interest, if any, in accordance with the terms of the Policy to whomever this Court shall designate.

26. As a mere stakeholder, NYLIAC has no interest (except to recover its attorneys' fees and cost of this action) in the Remaining Death Benefit and respectfully requests that this Court determine to whom the Remaining Death Benefit should be paid.

27. NYLIAC accordingly will deposit into the Court the Remaining Death Benefit, plus applicable interest, if any, for disbursement in accordance with the judgment of this Court.

28. NYLIAC has no means other than this Interpleader action of protecting itself against multiple conflicting or potentially conflicting claims and/or possible multiple litigation on the part of the Defendants as to the Remaining Death Benefit.

29. NYLIAC has not brought this Complaint in Interpleader at the request of any of the Defendants. There is no fraud or collusion between NYLIAC and any of the Defendants. NYLIAC brings this Complaint of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

**WHEREFORE**, NYLIAC prays that the Court enter judgment:

(a) requiring the Defendants to answer this Complaint in Interpleader and litigate their claims between themselves for the Remaining Death Benefit;

(b) enjoining the Defendants from instituting or prosecuting any proceeding in any state or United States court affecting the Remaining Death Benefit and/or the Policy;

(c) requiring that the Defendants settle and adjust between themselves, or upon their failure to do so, this Court settle and adjust the claims and determine to whom the Remaining Death Benefit should be paid;

(d) permitting NYLIAC to deposit the amount of the Remaining Death Benefit, plus applicable interest, if any, into the Court or as this Court otherwise directs to be subject to the order of this Court and to be paid out as this Court shall direct;

(e) discharging NYLIAC from any and all further liability to Defendants relating in any way to the Policy and/or the Remaining Death Benefit upon payment of the Remaining Death Benefit into the Registry of this Court or as otherwise directed by this Court;

(f) awarding NYLIAC its attorneys' fees and costs in their entirety;

(g) dismissing NYLIAC from the action with prejudice; and

(h) awarding NYLIAC any other and further relief that this Court deems just and proper.

Dated: January 3, 2022  Respectfully submitted,

By: */s/ Sinead O'Carroll*
Sinéad O'Carroll
Texas State Bar No. 24013253
REEVES & BRIGHTWELL LLP
3711 S Mopac Expy, Bldg 1, Ste 500
Austin, Texas 78746
(512) 334-4500
(512) 334-4492 facsimile
socarroll@reevesbrightwell.com

*Counsel for Plaintiff New York Life Insurance and Annuity Corporation*